IN THE CIRCUIT COURT OF THE 20th
JUDICIAL CIRCUIT IN AND FOR LEE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

IDA LUZ CRUZ,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,
a foreign limited partnership, and
JOHN DOE as Store Manager,

    Defendants.

_____/

# COMPLAINT

COMES NOW, the Plaintiff, and hereby sues, Defendants and alleges as follows:

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars yet is uncertain whether it exceeds $75,000.

2. The Plaintiff is a resident of Lee County and, at all times material hereto, was and is sui juris.

3. The Defendant is a Foreign Limited Partnership and is subject to the jurisdiction of this Court.

4. The Defendant John Doe is a resident of Lee County, Florida.

## DEFENDANT WAL-MART STORES EAST, LP COUNT I – NEGLIGENCE

5. The Plaintiff incorporates all of the allegations contained in Paragraphs 1-4 above as if fully set forth herein.

6. On or about October 20th, 2021, the Defendant Wal-Mart Stores East LP owned, maintained, and/or operated the Walmart Supercenter located at or near 2523 Lee Blvd, Lehigh Acres, FL 33971 which is hereinafter referred to as "the premises".

7. At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by slipping on grapes on the floor because of the Defendant's negligent acts.

8. Defendant by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to fall by performing or failing to perform one or more of the following acts:

A. By carelessly and negligently failing to maintain the grounds on its premises in a reasonably safe condition, Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

B. By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

C. By negligently failing to warn the Plaintiff of a dangerous condition (a hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

D. Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff;

E. The condition occurred with such regularity that Defendant knew or should have known of its existence.

9. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in 7(A-E), as aforesaid, the Plaintiff, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

### DEFENDANT JOHN DOE COUNT II NEGLIGENCE

10. The Plaintiff readopts and re-alleges each and every allegation contained in paragraphs 1-8, as if they were fully set forth herein and further alleges:

11. At all times material hereto, Defendant John Doe the manager of the Walmart store identified in paragraph 5, was in control of and responsible for the area in or around the area of said store with the smashed grapes on the floor.

12. At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by slipping on smashed grapes because of the Defendant's negligent acts.

13. The Defendant, John Doe as manager of the store identified in paragraph 5, owed to the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which could render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her, in her lawful use of the same.

14. As such, at all material times, said manager owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

15. The aforesaid manager's duty to maintain the premises in a reasonably safe condition included reasonable efforts to keep the premises free from liquid substances, transitory foreign objects and/or other debris that might foreseeably give rise to loss, injury, or damage.

16. Further, being in control of the aforedescribed area in or around the area with the

slipping hazard in the aforesaid store, Defendant, John Doe, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the aforesaid premises in such manner as to avoid injury or damages to business invitees, such as Plaintiff, as a result of the liquid substance, transitory foreign objects and/or other debris on the floor of said store.

17. Defendant John Doe by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to fall by performing or failing to perform one or more of the following acts:

A. By carelessly and negligently failing to maintain the grounds on its premises in a reasonably safe condition, Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

B. By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

C. By negligently failing to warn the Plaintiff of a dangerous condition (a hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

D. Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff;

E. The condition occurred with such regularity that Defendant knew or should have known of its existence.

18. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in 17(A-E), as aforesaid, the Plaintiff, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,

aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant costs of this action, and such other further equitable and legal relief as this Court may deem appropriate, and furthermore demand trial by jury of all issues so triable as of right by jury.

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served together with a Request for Production, Interrogatories, and Summons.

LAW OFFICES OF WOLFSON & LEON
Attorneys for Plaintiff
3399 S.W. 3rd Avenue
Miami, FL 33145
Telephone (305) 285-1115
Facsimile (305) 285-1608
eservice@wolfsonlawfirm.com

By: /s/ Jonah M. Wolfson
 _____
 JONAH M. WOLFSON, ESQ.
 FLA. BAR NO. 498130