UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IDA LUZ CRUZ,

    Plaintiff,

v().                                   Case No.:   2:22-cv-692-SPC-NPM

WALMART STORES EAST, LP,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Walmart's Motion to Dismiss John Doe (Doc. 14), as well as Plaintiff Cruz's opposition (Doc. 24). Also before the Court is Cruz's Motion to Amend Complaint and Remand (Doc. 23) and Walmart's opposition (Doc. 38). These motions both discuss John Doe's place in this litigation, so the Court will address them together. The Court grants Walmart's Motion to Dismiss John Doe and denies Cruz's Motion to Amend Complaint and Remand.

### BACKGROUND

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

1

This is a slip-and-fall case. In October 2021, Cruz went to Walmart. Cruz slipped on grapes and was injured in some manner.[2] (Doc. 7).

Cruz sues Walmart and John Doe store manager for negligence. (Doc. 7). The original complaint was filed in state court in May 2022. (Doc. 1-1). Walmart informed Cruz of John Doe's identity (Joshua Eldridge) via discovery in June 2022. (Doc. 38 at 6; Doc. 1-3 at 47). The case was removed in October 2022. (Doc. 1). Now, Walmart moves to dismiss John Doe as a party because John Doe has not been served. (Doc. 14). Cruz moves to "substitute" Eldridge for John Doe and requests additional time to serve him. (Doc. 23). Cruz also moves to remand, presumably because Cruz and Eldridge are both citizens of Florida. (Doc. 23). However, the citizenship of Cruz is unclear.[3]

## LEGAL STANDARD

An action may be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5). Fed. R. Civ. P. 4 requires the plaintiff to serve the summons and complaint upon defendants within 90 days from when the complaint is

---

[2] In discovery provided to the Court with Walmart's Notice of Removal, Cruz alleges injury to her "back, neck, and left knee." (Doc. 1-2 at 5). But Cruz does not allege this in her complaint.

[3] The original complaint alleges that Cruz is a "resident of Lee County [Florida]." (Doc. 7 at 1). There are two problems with this. First, residency does not determine a party's citizenship for jurisdiction purposes. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Second, Cruz's answer to Walmart's interrogatories, which lists an address in the Virgin Islands, arguably contradicts even her statement of residency. (Doc. 1-2 at 3). The Court ordered Cruz to clarify her citizenship (Doc. 45), and Cruz filed an amended complaint again alleging residency, not citizenship (Doc. 46). In the amended complaint, Cruz alleges she is a resident of the Virgin Islands. (Doc. 46).

filed. Fed. R. Civ. P. 4(c); Fed. R. Civ. P. 4(m). If the plaintiff has not served the defendant within 90 days, the plaintiff may avoid dismissal of the complaint in one of two ways: (1) by showing good cause for failure to serve or (2) by "convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause." *Grimes v. Rott*, No. 15-80972-Civ-ZLOCH, 2018 LEXIS 9793, at *3 (S.D. Fla. Jan. 19, 2018).

The Court *must* extend time for service beyond 90 days if the plaintiff shows good cause for failure to serve. Fed. R. Civ. P. 4(m). "Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir. 2009) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2009)).

However, the Court also has discretion to extend service beyond 90 days absent good cause. *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir. 2009) (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). An extension absent good cause "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

Generally, claims against fictitious parties are dismissed in federal court. *See Smith v. Comcast Corp.*, 786 Fed. App'x 935, 939 (11th Cir. 2019)

(citing *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010)). But in some cases a plaintiff can bring claims against a fictitious party, "such as when the plaintiff lacks sufficient information about the defendant's identity at the time of filing the complaint but would be able to obtain such information through discovery." *Nalls v. Coleman Low Fed. Inst.*, 440 Fed. App'x 704 (11th Cir. 2011) (citing *Dean v. Barber,* 951 F.2d 1210, 1216 (11th Cir. 1992); *Brown v. Sikes*, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000)). But this does not mean a plaintiff is entitled to "proceed *indefinitely* against unnamed defendants without serving them or providing good cause for his failure to do so." *Nalls v. Coleman Low Fed. Inst.*, 440 Fed. App'x 704, 707 (11th Cir. 2011) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390 n.2 (1971)).

## DISCUSSION

It is undisputed that the Walmart store manager—whether John Doe (as currently named) or Eldridge (whom Cruz has moved to "substitute" and serve)—was not timely served. Cruz has requested "additional time to serve Joshua Aldridge [sic]," indicating that John Doe—now Eldridge—has not been served as of December 15, 2022, when Cruz's Motion for Leave to Amend was filed. (Doc. 24 at 2). Walmart argues that the deadline for service would have been August 31, 2022 under Fla. R. Civ. P. 1.070(j) or August 1, 2022 under

4

Fed. R. Civ. P. 4(m), and Cruz does not dispute this in her response.[4] (Doc. 14 at 2-3; Doc. 24). Under either rule, the time for service has long since passed.

### A. No Good Cause

Despite knowing the identity of John Doe since June 2022 (prior to the service deadline), Cruz did not request additional time to serve Eldridge until December 2022. (Doc. 38 at 6; Doc. 1-3 at 47; Doc. 23). Cruz's counsel attributes this six-month delay to the birth of his child in June 2022, which caused him to "inadvertently fail[] to notice" the June discovery naming Eldridge as the store manager. (Doc. 24 at 2). Cruz argues this is "good cause" for failure to serve. It is not.

First, although both parties reference Fed. R. Civ. P. 4(m) *and* Fla. R. Civ. P. 1.070(j) in their filings, Fed. R. Civ. P. 4(m) controls. *Effs v. City of Miami*, No. 21-11672, 2021 WL 6116643, at *4 (11th Cir. Dec. 27, 2021) (citing *Reynolds v. Behrman Cap., IV L.P.,* 988 F.3d 1314, 1323 (11th Cir. 2021)) ("[O]nce a case is removed to federal court, federal law governs matters of procedure related to personal jurisdiction and service of process").[5] "Good

---

[4] In August 2022, this case had not yet been removed to federal court.

[5] But even if service were being judged under Fla. R. Civ. P. 1.070(j), the outcome would be the same. Under Fla. R. Civ. P. 1.070(j), the court should extend the time for service "if the plaintiff shows good cause or excusable neglect for the failure [to serve]." And as in federal court, Florida courts have discretion to extend the service deadline absent good cause or excludable neglect. *Sly v. McKeithen*, 27 So. 3d 86, 87 (Fla. Dist. Ct. App. 2009). While the language in Fla. R. Civ. P. 1.070(j) differs slightly from the language in Fed. R. Civ. P. 4(m) (namely in the use of the term "excusable neglect"), the state rule was likely intended to mirror the federal rule and the same analysis would apply. *Cf. Britt v. City of Jacksonville,* 874 So. 2d 1196, 1198 (Fla. Dist. Ct. App. 2004).

cause [under Fed. R. Civ. P. 4(m)] exists when some outside factor, such as reliance on faulty advice, *rather than inadvertence or negligence*, prevented service." *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir. 2009) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2009)) (emphasis added).

Failing to review discovery for six months is not "good cause" for failure to serve. While the birth of a child brings with it new stressors, life changes, and time off from work, counsel still needs to be diligent as to his cases. Counsel knew that there was a John Doe here whose identity he should have been working to ascertain. And for six months before requesting additional time to serve, counsel possessed discovery revealing John Doe's identity and could have made timely service. The length of counsel's delay in this matter is simply too long and is inadequately supported by his stated reason. *See Gelin v. Shuman,* 35 F.4th 212, 218 (4th Cir. 2022) ("Good cause requires a showing of diligence on the part of the plaintiffs . . . significant periods of inactivity and a failure to seek extension of time before the deadline has lapsed tend to undercut any claim of good cause") (cleaned up).

### B. The Court Declines to Exercise its Discretion and Extend the Time for Service

But the Court's analysis does not end there. The Court could still, at its discretion, extend the time for service absent good cause. The Court declines to do so.

First, the advisory committee envisioned courts using discretion to extend time for service absent good cause in extreme scenarios. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (stating an extension absent good cause "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service"). No such circumstances exist here. Cruz slipped and fell in October 2021, so she still has over two years before her claim is barred by the statute of limitations. Fla. Stat. § 95.11(3)(a).

But even without the ability to sue in state court, Cruz will not be significantly injured if the Court dismisses John Doe under Fed. R. Civ. P. 4(m). Cruz's claim against Walmart can proceed with or without John Doe and she can obtain full relief for her slip and fall from Walmart alone. *See Rutsky v. Target Corp.,* No. 12-CV-61828, 2012 WL 5604620, at *3 (S.D. Fla. Nov. 15, 2012) (finding there has been "no showing that Plaintiff will not be able to obtain full relief on her claims in this court without the presence of [the store manager] as a defendant"); *Judon v. Cumberland Farms, Inc.,* No. 17-14036-CIV, 2017 WL 7732131, at *2 (S.D. Fla. Mar. 6, 2017) ("[N]o practical purpose is achieved by suing both the owner/operator of the store where the slip-and-

fall took place and the manager-employee who was on duty at the time"); *Ramai v. Waffle House, Inc.,* No. 8:19-cv-2348, 2020 WL 8918201, at *4 (M.D. Fla. Mar. 31, 2020) (discussing that there is no significant injury when the plaintiff can obtain full relief on her claims without the joinder of the defendant).  And if Cruz obtains a favorable judgment, the Court presumes that Walmart is more financially solvent than John Doe and better able to satisfy any judgment awarded.

Another reason Cruz will not be significantly injured by the dismissal of John Doe is that her complaint does not state a legitimate claim of liability under Florida law against John Doe.  Under Florida law, a store manager is not liable "simply because of his general administrative responsibility for the performance of some function of his [or her] employment—he or she must be actively negligent." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) (citing *McElveen v. Peeler*, 544 So. 2d 270, 271-72 (Fla. Dist. Ct. App. 1989) (internal quotations omitted).  To maintain a claim against a store manager, the plaintiff must "allege and prove that the [store manager] owed a duty to the [plaintiff], and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.* at 272.

Cruz has not adequately alleged that John Doe store manager was actively negligent.  Cruz's complaint as to John Doe is completely boilerplate, committing the Fed. R. Civ. P. 8(a)(2) sin of asserting bare "labels and

8

conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint says that John Doe is the manager of the Walmart store and as such "was in control of and responsible for the area in or around the area of said store with the smashed grapes on the floor." (Doc. 7 at 3). The complaint copies and pastes all possible theories of negligence with no factual support, saying that John Doe store manager "either perform[ed] or fail[ed] to perform one or more of" a list of enumerated acts. (Doc. 7 at 4). This generic list of acts includes "failing to maintain the grounds," "failing to correct a dangerous condition," "failing to warn Plaintiff of a dangerous condition," "creat[ing] a dangerous condition," and that John Doe "knew or should have known" of the existence of "the condition" because it "occurred with such regularity." (Doc. 7 at 4). Nowhere in this list does the Court see an actual, factually supported allegation that John Doe store manager was "personally liable" and "actively negligent" in relation to Cruz's fall. See *Petigny v. Wal-Mart Stores E., L.P.,* No. 18-23762-CIV, 2018 WL 5983506, at *4 (S.D. Fla. Nov. 13, 2018) (finding that the complaint was insufficient because "Plaintiff does not allege facts showing that [the store manager] caused grapes to be on the floor, was told the grapes were

on the floor, knew or should have known about the grapes being on the floor, or was in the area of Plaintiff's incident prior to same in order to correct it").[6]

Even reading the complaint in the light most favorable to Cruz, she has not alleged that John Doe actively participated in a tort. Instead, "this appears to be a run of the mill slip and fall case in which the store manager individually has no liability." *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018). Given this, Cruz probably would not succeed in a suit against John Doe even if the Court allowed the claim to proceed. *See Wade v. Dolgencorp, LLC,* No. 8:09-cv-01470-T-24-EAJ, 2009 WL 8630725, at *4 (M.D. Fla. Oct. 14, 2009) (finding "any potential prejudice is significantly lessened by the existence of the very high probability that Plaintiffs have no colorable claim against [the store manager] under Florida law").

## C. Amending the Complaint

Because the Court dismisses John Doe for failure of service, the Court orders Cruz to file a second amended complaint striking her claim against John

---

[6] *See also Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (finding fraudulent joinder of the store manager when the allegations were "not specific and direct; rather, they are conclusory" and the plaintiff "has provided no facts demonstrating that [the store manager] played any role in [plaintiff's] injuries") (citing *Pritchard v. Wal-Mart Stores, Inc.,* No. 809-CV-46-T-24TGW, 2009 WL 580425, at *3 (M.D. Fla. Mar. 5, 2009)).

10

Doe. And when Cruz amends her complaint, the Court directs her, for the second time, to *properly allege her citizenship*.

The Court previously directed Cruz to clarify her citizenship. (Doc. 45). She did not. (Doc. 46 at 1). Cruz's amended complaint continued to state her "residency." (Doc. 46 at 1). As previously explained by the Court, *residency does not equal citizenship*. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person"). A person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002). "Residency" and "citizenship" are two different concepts because "citizenship" (also referred to as "domicile") entails *both* physical presence in a state or territory *plus* an intent to remain.

> For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence. Although physically present in the current residence, the person does not intend to remain in that state indefinitely.

*Molinos Valle Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1341-1342 (11th Cir. 2011) (internal citations omitted).

11

Right now, the Court has two conflicting statements of Cruz's residency (Doc. 7, Doc. 46) and no information about Cruz's *citizenship*.

Thus, the Court orders Cruz to file a second amended complaint which complies with the Court's prior Order to clarify her citizenship. (Doc. 45). In this amended complaint, the Court further directs Cruz to strike John Doe.

Accordingly, it is now

**ORDERED:**

1. Defendant Walmart's Motion to Dismiss John Doe (Doc. 14) is **GRANTED**.

2. Plaintiff's Complaint against John Doe store manager is **DISMISSED without prejudice** for failure to serve process under Fed. R. Civ. P. 4(m).

3. Plaintiff Cruz's Motion to Amend Complaint and Remand (Doc. 23) is **DENIED** as moot.

4. Plaintiff must file a second amended complaint striking John Doe and properly alleging her citizenship by February 3, 2023.

**DONE** and **ORDERED** in Fort Myers, Florida on January 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record